| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Monet H. Jordan, Esq., CA Bar No. 278638<br>BEAUMONT GITLIN TASHJIAN<br>21560 Oxnard Street, Suite 1620<br>Woodland Hills, CA 91367<br>Tel.: (818) 884-9998<br>Fax: (818) 884-1087<br>mjordan@bgtlawyers.com<br><br>☐ *Movant appearing without an attorney*<br>☒ Attorney for Movant | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>Michael Glock | CASE NO.: 2:14-bk-11571-WB<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| Debtor(s). | DATE: June 24, 2015<br>TIME: 1:30 p.m.<br>COURTROOM: 1375 |

**Movant:** Del Rey Lofts at Glencoe Homeowners Association

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   ☐ 3420 Twelfth Street, Riverside, CA 92501
   ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 06/01/2015  _____

Beaumont Gitlin Tashjian  _____
Printed name of law firm (if applicable)

Monet H. Jordan, Esq.  _____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

    ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

    ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

    ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

    ☒ Other (*specify*):
    Movant is homeowners association and has a Notice of Assessment Lien secured by the property

2. **The Property at Issue (Property):**

    a. Address:

    *Street address:* 4115 Glencoe Avenue
    *Unit/suite number:* Unit 115
    *City, state, zip code:* Marina Del Rey, CA 90292

    b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit  1  ):

3. **Bankruptcy Case History:**

    a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13
    was filed on (*date*)  01/28/2014 .

    b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) _____.

    c. ☒ A plan, if any, was confirmed on (*date*) 11/26/2014 .

4. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

    (1) ☒ Movant's interest in the Property is not adequately protected.

        (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

        (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

        (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

    (2) ☐ The bankruptcy case was filed in bad faith.

        (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

        (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

        (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

        (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

        (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

        (F) ☐ Other (*see attached continuation page*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                          F 4001-1.RFS.RP.MOTION

(3) ☒ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
       ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☒ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify):*

6. **Evidence in Support of Motion: (D**eclaration(s) MUST be signed under penalty of perjury and attached to this motion**)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☐ Other:

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 4                          **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.  Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

9. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☒ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☒ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

12. ☒ If relief from stay is not granted, adequate protection shall be ordered.

13. ☐ See attached continuation page for other relief requested.

Date:  06/01/2014

Beaumont Gitlin Tashjian
_____
Printed name of law firm (*if applicable*)

Monet H. Jordan, Esq.
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 5                                F 4001-1.RFS.RP.MOTION

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Monet H. Jordan _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (*state title and capacity*):

   c. ☒ Other (*specify*): Attorney and authorized agent for Movant

2. a. ☐ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*see attached*):

3. The Movant is:

   a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

   b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

   c. ☐ Servicing agent authorized to act on behalf of the:
      ☐ Holder.
      ☐ Beneficiary.

   d. ☒ Other (*specify*): Holder of a Notice of Assesment Lien - See Exhibit 2
      Homeowners Associaiton that contains the Property at issue

4. a. The address of the Property is:

   *Street address*: 4115 Glencoe Avenue
   *Unit/suite no.*: Unit 115
   *City, state, zip code*: Marina del Rey CA 90292

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
   Unit 105, An undivided 1/52nd interest in and to Lot 1 of Tract No. 060845, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 1322, pages 80 and 81 of Maps, in the Office of the County Recorder of said County.
   APN 4230-005-053

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 6                          **F 4001-1.RFS.RP.MOTION**

5. Type of property (*check all applicable boxes*):

   a. ☒ Debtor's principal residence     b. ☐ Other residence
   c. ☐ Multi-unit residential     d. ☐ Commercial
   e. ☐ Industrial     f. ☐ Vacant land
   g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

   a. ☒ Sole owner

   b. ☐ Co-owner(s) (*specify*):

   c. ☐ Lienholder (*specify*):

   d. ☐ Other (*specify*):

   e. ☐ The Debtor ☒ did ☐ did not  list the Property in the Debtor's schedules.

   f. ☐ The Debtor acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed.
      The deed was recorded on (*date*) 11/06/2006 .

7. Movant holds a  ☐ deed of trust  ☐ judgment lien ☒ other (*specify*)  Notice of Assessment Lien
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 2    .

   b. ☐ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
      attached as Exhibit _____ .

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
      trust to Movant is attached as Exhibit _____ .

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 2,919.01 | $ 3,108.24 | $ 6,027.25 |
| b. | Accrued interest: | $ | $ | $ |
| c. | Late charges | $ 1,097.46 | $ 353.54 | $ 1,451.00 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 868.00 | $ 1,602.00 | $ 2,470.00 |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[          ] |
| g. | TOTAL CLAIM as of (*date*): | $ 4,884.47 | $ 5,063.78 | $ 9,948.25 |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
   has occurred*):

   a. Notice of default recorded on (*date*) _____ or ☒ none recorded.

   b. Notice of sale recorded on (*date*) _____ or ☒ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) _____ or ☒ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.

   e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014        Page 7        F 4001-1.RFS.RP.MOTION

10. Attached (*optional*) as Exhibit __3__ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of
        _____ 20___.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT: $** | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☐ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 8                         **F 4001-1.RFS.RP.MOTION**

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:


12. ☒ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: 03/11/2014 .
A plan confirmation hearing currently scheduled for (or concluded on) the following date: 11/19/2014 .
A plan was confirmed on the following date (*if applicable*): 11/26/2014 .

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ 0 |

(See attachment for additional breakdown of information attached as Exhibit 3 .)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| 9 | | $ 321.43 | $ 2,892.87 |
| 1 | | $ | $ 215.37 |
| | 11 | $ 32.14 | $ 353.54 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                    $ 0
(*For details of type and amount, see Exhibit 3 *)

e. Attorneys' fees and costs:                                $ 1.602.00
(*For details of type and amount, see Exhibit 3 *)

f. Less suspense account or partial paid balance:                $[                    ]

TOTAL POSTPETITION DELINQUENCY:                $ 5,063.78

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $ 321.43 will come due on 7/1/2015 , and on the 1st day of each month thereafter. If the payment is not received by the 15 day of the month, a late charge of $32.41 will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$ 400.00        received on (*date*) 11/17/14
$ 326.00        received on (*date*) 7/4/14
$ 327.33        received on (*date*) 6/2/14

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (date) _____, which is ☐ prepetition. ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (specify):



18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☐ Multiple bankruptcy cases affecting the Property include:
      1. Case name: _____
         Chapter: _____  Case number: _____
         Date filed: _____  Date discharged: _____  Date dismissed: _____
         Relief from stay regarding the Property ☐ was ☐ was not granted.

      2. Case name: _____
         Chapter: _____  Case number: _____
         Date filed: _____  Date discharged: _____  Date dismissed: _____
         Relief from stay regarding the Property ☐ was ☐ was not granted.

      3. Case name: _____
         Chapter: _____  Case number: _____
         Date filed: _____  Date discharged: _____  Date dismissed: _____
         Relief from stay regarding the Property ☐ was ☐ was not granted.

   ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 10                              F 4001-1.RFS.RP.MOTION

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/1/15 | Monet H. Jordan | |
|--------|-----------------|--|
| *Date* | *Printed name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                      Page 11                      **F 4001-1.RFS.RP.MOTION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

21650 Oxnard Street, Suite 1620, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __06/01/2015__ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Nancy K Curry (TR), ecfnc@trustee13.com; Michael Daniels on behalf of Creditor Nationstar Mortgage, LLC, BkECFnotifications@nationstarmail.com; Peter M Lively on behalf of Debtor, PeterMLively2000@yahoo.com; US Trustee (LA), ustpregion16.la.ecf@usdoj.gov; Ramesh Singh on behalf of Recovery Mgmt Systems Corp., claims@recoverycorp.com; Gilbert B Weisman, II on behalf of American Express Centurion Bank, notices@becket-lee.c

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __06/01/2015__ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- Peter M Lively, The Law Offices of Peter M Lively, 11268 Washington Blvd Ste 203, Culver City, CA 90230-4647
- Michael Glock, 4115 Glencoe Ave., Marina Del Rey, CA 90292
- Hon. Julia W. Brand, Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Suite 1382 / Courtroom 1375, Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| __06/01/2015__ | __Liz Vartanian__ | |
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## MEMORANDUM OF POINTS AND AUTHORITIES

## IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

Secured Creditor, HOMEOWNERS ASSOCIATION submits herewith its Memorandum of Points and Authorities and Declaration of Monet H. Jordan, Esq. in support of its Motion for Relief from Automatic Stay.

## I. INTRODUCTION

Movant, Del Rey Lofts at Glencoe Homeowners Association, is a non-profit mutual benefit homeowners association ("Association") formed to operate and maintain common area property within a condominium complex ("Complex"). Pursuant to the Association's governing documents (including its recorded Declaration of Covenants, Conditions and Restrictions and amendments thereto ("CC&Rs") and Civil Code §5600 et seq., the Association collects monthly homeowners association maintenance assessments from its members/owners to operate and maintain the Association's common areas.

Debtor, Michael Glock ("Debtor"), is the owner of a property within the Complex, commonly known as 4115 Glencoe Avenue, Unit 105, Marina Del Rey, CA 90292 ("Subject Property "). A true and correct copy of Grand Deed is attached hereto as **Exhibit "1"**. As legal owner of the Subject Property, Debtor is a member of the Association and therefore bound by the Association's CC&Rs. As members of the Association bound by the CC&Rs, Debtor is required to pay to the Association monthly maintenance assessments. A true and correct copy of the CC&Rs is attached hereto as **Exhibit "4"**.

On or about October 18, 2013, the Association recorded a Notice of Delinquent Assessment Lien, in the Los Angeles County Recorder's Office as Instrument No.: 20131495753 against Debtor and the Subject Property pursuant to outstanding assessments, late charges, interest, and collection costs. ("Lien"). A true and correct copy of said Lien is attached hereto as **Exhibit "2"**.

On or about January 28, 2014, Debtor filed for bankruptcy protection pursuant to Chapter 13 of the bankruptcy code (Case No: 2:14-bk-11571-WB) ("Bankruptcy"). Since filing said Bankruptcy, Debtor has not made all post-petition assessments payments as is required, pursuant to

1  Bankruptcy Code Section 523(a)(16), which provides that all assessments incurred post-petition are

2  non-dischargeable in connection with any Bankruptcy for as long as Debtor continues to be the legal

3  owner of the Subject Property.

4      Since the filing of the Bankruptcy, Debtor has become indebted to the Association for the

5  ongoing monthly assessments that were and will continue to be levied in the amount of $321.43 per

6  month for regular assessments, plus a $32.14 late fee.   Currently, Debtor owes the Association

7  $4,884.47 in pre-petition Assessments and costs and an additional $3,461.78 in post-petition

8  assessments, late fees and interest, plus $1,602.00 in collections costs including reasonable attorneys

9  fees. Attached as a true and correct copy of the ledger for Debtor's Subject Property and an

10 itemization of costs owed (pre and post-petition) as **Exhibit "3".**   Collectively, Debtor owes the

11 Association in pre- and post-petition assessments, interest and late fees and collection costs thereon,

12 in the amount of $9,948.25 not including the July 2015 regular assessment. (See, **Exhibit "3"**).

13     The Association has been unable to collect all assessments, both pre- and post-petition, in

14 part due to the automatic stay imposed by the Bankruptcy Court.   The Association now moves this

15 Court for relief from said automatic stay in order to pursue its collection procedures against Debtor

16 to collect all assessments owed.

17     The Association, as a non-profit mutual benefit corporation, relies solely on the payment of

18 duly levied assessments by its members in order to perform its obligation to operate and maintain the

19 Association's common areas.   In essence, monthly maintenance assessments are the Association's

20 life blood.   Without them, the Association will, in essence, die.   Debtor's failure to submit all owed

21 post-petition regular and special assessments is harming the Association and its ability to operate and

22 perform its duties.

23 //

24

25 //

26

27 //

28

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

## II. ARGUMENT

**A.      Movant  Is Entitled to Relief from the Automatic Stay Pursuant to 11 U.S.C. 362(d)**

Title 11, Section 362, subsection (d), of the United States Code, states:

**"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided** under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (1) **for cause, including the lack of adequate protection of an interest in property of such party in interest;**

> (2) with respect to a stay of an act against property under subsection (a) of this section, if—

>> (A) the debtor does not have an equity in such property; and

>> (B) such property is not necessary to an effective reorganization."

> (Emphasis added).

Article 7, Section 7.1 of the Association's CC&Rs requires payment of monthly maintenance assessments, stating in applicable part:

"The Declarant, for each unit owned by within the project, hereby covenants, and each Owner of any Condominium by acceptance of a deed therefor, whether or not it shall be so expressed in any such deed, is deemed to covenant to agree and pay to the Association: (1) annual assessments or charges; and (2) special assessments fast provided in Section 7.5 below, such assessments to be established and collected as so directed by the Board of Directors."

Article 7, Section 7.1 of the CC&Rs also provides that, "annual and  special assessments, together with interest, costs, and reasonable attorneys' fees, shall be a charge on the Condominium and shall be a continuing lien upon the Condominium against which each such assessment is made, the lien to become effective upon recordation of a Notice of Delinquent Assessment."

Debtor's current regular monthly assessment is $321.43. For each late payment, the Association charges a $32.14 late fee and ongoing interest.  Debtor has become indebted to the

-3-
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

1   Association in the amount of $5,063.78 in post-petition assessments, late fees, interest and costs,

2   including reasonable attorneys' fees. **(See Exhibit "3").**

3          As such, the Association is not adequately protected as the post-petition delinquency

4   continues to accrue.  The Association is prohibited from conducting any collection proceedings or

5   securing the post-petition balance to the Subject Property as a result of the automatic stay.  Based

6   upon Debtor's payment history, it is clear the total post-petition balance will continue to

7   exponentially grow to the Association's detriment.

8          **B.     Movant Is Entitled to Relief from Automatic Stay as it Is Seeking to Collect Post-**

9   **petition Monthly Maintenance Assessments.**

10         The Association hereby seeks relief from stay pursuant to Title 11, Section 523(a)(16)

11  regarding its rights to the post-petition Assessments it is owed.

12         Title 11, Section 523, subsection (a)(16), of the United States Code, states:

13         "A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title

14         does not discharge an individual debtor from any debt -   for a fee or assessment

15         that becomes due and payable after the order for relief to a membership

16         association with respect to the debtor's interest in a unit that has condominium

17         ownership, in a share of a cooperative corporation, or a lot in a homeowners

18         association, for as long as the debtor or the trustee has a legal, equitable, or

19         possessory ownership interest in such unit, such corporation, or such lot, but

20         nothing in this paragraph shall except from discharge the debt of a debtor for a

21         membership association fee or assessment for a period arising before entry of the

22         order for relief in a pending or subsequent bankruptcy case." (Emphasis added.)

23         The Association is a non-profit mutual benefit corporation formed to operate and maintain its

24  common area property.  Each owner of a unit is a member of the Association.  Pursuant to the

25  recorded CC&RS, the Association assesses each owner monthly maintenance assessments used to

26  defray the costs of maintaining the Association's properties (see, **Exhibit "4"**).

27         Debtor has been the legal owner of the Subject Property at all times here mentioned.  There

28  has been no transfer of the Subject Property to any other third party during the term of the

-4-
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

1  Bankruptcy.  Debtor was already indebted to the Association for monthly maintenance assessments

2  at the time of filing for  bankruptcy protection (see, **Exhibit "3"**).  Additionally, Debtor has become

3  indebted to the Association for regular assessments, late fees, interest and costs, including reasonable

4  attorneys' fees accruing after the filing of said Bankruptcy (see, **Exhibit "3"**) in the amount of

5  **$5,063.78** which clearly exceeds the $500.00 amount permitted by Section V(E) of the confirmed

6  Chapter 13 Plan.

7        Pursuant to Section 523(a)(16), the Post-Petition Assessments are not subject to the

8  automatic stay imposed by the Bankruptcy.  Therefore, the Association is entitled to move this Court

9  for relief from the automatic stay and otherwise permit the Association to collect unpaid

10  assessments.

11  **III.  CONCLUSION**

12        Based upon the fact that the Association is not adequately protected and Debtor has failed to

13  submit all Post-Petition payments of assessments which is a non-dischargeable obligation, the

14  Association prays that this court will grant its relief from the stay imposed by Debtor's bankruptcy

15  filing and will permit the Association with the right to collect all assessments owed by Debtor that

16  remain unpaid.

17  DATED: June 1, 2015                    Respectfully submitted,

18                                        BEAUMONT GITLIN TASHJIAN

20                      By: _____

21                        MONET H. JORDAN, ESQ.

22                        Attorneys for Moving Party,

                      DEL REY LOFTS AT GLENCOE

                      HOMEOWNERS ASSOCIATION

23

24

25

26

27

28

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

1

## DECLARATION OF MONET H. JORDAN

2  I, MONET H. JORDAN hereby declare as follows:

3      1.    I am an attorney duly authorized to practice law in all the courts of the State of

4  California and a member of BEAUMONT GITLIN TASHJIAN, the attorneys of record for Moving

5  Party, Del Rey Lofts at Glencoe Homeowners Association. I have personal knowledge of the

6  following facts and if called to testify I could and would competently testify hereto.

7      2.    Del Rey Lofts at Glencoe Homeowners Association is a non-profit mutual benefit

8  homeowners association ("Association") formed to operate and maintain common area property

9  within a condominium project ("Project").

10      3.    The Association collects monthly homeowners association maintenance assessments

11  from its members/owners to operate and maintain the Association's common areas.

12      4.    Debtor, Michael Glock ("Debtor"), is the owner of a property within the Complex,

13  commonly known as 4115 Glencoe Avenue, Unit 105, Marina Del Rey, CA 90292 ("Subject

14  Property "). (See the Grant Deed attached hereto as **Exhibit "1"**).

15      5.    Debtor is a member of the Association and therefore bound to the Association's

16  recorded Declaration of Covenants, Conditions and Restrictions ("CC&Rs").

17      6.    As a member of the Association, Debtor is required to pay to the Association monthly

18  maintenance assessments. (See the CC&Rs attached hereto as **Exhibit "4"**).

19      7.    On or about October 18, 2013, the Association recorded a Notice of Delinquent

20  Assessment Lien, in the Los Angeles County Recorder's Office as Instrument No.:

21  20131495753against Debtor and the Subject Property pursuant to outstanding assessments, late

22  charges, interest, and collection costs. ("Lien"). (See the Lien attached hereto as **Exhibit "2"**).

23      8.    On or around January 28, 2014, Debtor filed for Chapter 13 Bankruptcy in the United

24  States Bankruptcy Court as Case No. 2:14-bk-11574-WB

25      9.    Currently, Debtor owes the Association approximately $9,948.25in pre-petition debts

26  and post-petition assessments, late fees and costs. (See a current pre and post-petition ledger for

27  Debtor's account attached hereto as **Exhibit "3"**). Of this amount, $5,063.78 is for post-petition

28  regular assessments, late fees, interest and costs, including reasonable attorneys' fees

-6-

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

10.    Debtor has been the legal owner of the Subject Property at all times here mentioned. Based upon record title, there has been no transfer of the property to any other third party during the term of the Bankruptcy. Debtor has failed to submit all post-petition assessment payments, despite the fact that he continues to be a legal owner of the Subject Property.

11.    Debtor's current regular monthly assessment is $321.43.  For each late payment, the Association charges a $32.14 late fee.

12.    Based on Debtor's Bankruptcy and the automatic stay imposed by same, the Association has been further unable to continue its collection proceedings against Debtor for the post-petition Assessments.

13.    The Association now moves this court for relief of the automatic stay in order to collect past due assessments, late fees, costs, including reasonable attorneys' fees.

14.    As a non-profit mutual benefit corporation, the Association relies solely on the payment of monthly assessments by its members in order to perform its obligation to operate and maintain the Association's common areas.  In essence, monthly maintenance assessments keep the Association running.  Without them, the Association will cease to operate effectively.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct, and that I have executed the foregoing Declaration this 1st day of June, 2015, at Woodland Hills, California.

MONET H. JORDAN, ESQ.

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**